C. A. Farnum, Co. J.
Section 3096 of the Code provides that “if the decision of the justice, or the verdict of the jury, *523 where the issues are tried by a jury, is in favor of the person answering, it must fix the value of each animal seized. If the justice or the jury find that the seizure was malicious and without probable cause, the decision or verdict must assess the damages sustained by the person answering by means of the seizure and detention. The justice must thereupon make a final order awarding to the person so answering the return of the animal or animals so seized, or the value thereof if a return cannot be had, together with In's costs, at the rates allowed by law in an action brought before him to recover a chattel, and also twice the sum assessed as his damages, if any.”
Section 3108, expressly provides: “ A person to whom the precept was directed by his name, and who was personally served therewith, or a person who has appeared and answered in the special proceeding or demanded the return of any animal seized, cannot maintain an action against the officer or other person seizing an animal, or a person acting by his command, or in his aid, in a case specified in the last section.” It then provides that any other person being the owner of an animal so seized may maintain an action to recover the animal or its value, or damages for the seizure or detention, &e., if, in fact, the animal was not running at large at the time of the seizure.
Where the person to whom the precept was directed by name, is personally served or appears and answers, the theory of the statute is to give him damages where he succeeds upon the trial of the issue only when the seizure is found to be malicious, and without probable cause, and only then in the special proceeding where the issue is decided in his favor. All the issues are to be determined in one special proceeding, and not a part tried in a special proceeding and a part in an action.
Where the precept is not directed to a person by name and he is not personally served, &c., in a proper case he may recover his damages by action. Such is not this case. Here the precept was directed to the plaintiff in this action by his name; he was personally served; he appeared and answered, *524 and unless the justice found that the seizure was malicious, and without prohable causé, he was not entitled to recover any damages under the statute. Section 3108 expressly excludes him from maintaining such an action. This court is not called upon to pass its opinion upon the wisdom of the statute in question. Its duty is simply to construe the sections cited. Having ascertained the intention of the legislature, it must direct that intention to be carried out. Beading sections 3096 and 3108 of the Code, they are not found to be in conflict in the slightest degree. They provide who may and who may not have an action for damages where animals have been illegally seized under the “stray” act. An examination, shows that the plaintiff is not one entitled to maintain such an action, and that the justice ought to have rendered a decision and judgment in favor of the defendant.
The respondent contends that the statute is unconstitutional, and that he cannot be deprived of his right to recover his damages sustained by reason of the unlawful act of the defendant without having his “ day in court.” Bearing in mind the well settled rule that courts will not declare a statute to be unconstitutional unless it clearly appears to be so it would not seem becoming in this court to hold with him upon this point. There is also a grave question whether the justice ought not to have held upon the uncontradicted evidence, that there had been an accord and satisfaction and settlement of this cause of action before this action was commenced.
This judgment should be reversed upon the point discussed and an order may be entered accordingly.